UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE LEE ALLEN,<br><br>Defendant. | Case No. 2:10-cr-000063-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Jacqueline Lee Allen's Motion for Early Termination of Supervised Release (Dkt. 77). Having reviewed the Motion and the Government's Response (Dkt. 80), the Court now issues its decision. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In August 2010, this Court sentenced Ms. Allen to 60 months of incarceration to be followed by four years of supervised release. In January of 2014, Ms. Allen was released from prison and placed on supervised release. In January of 2016, Ms. Allen was found in violation of the terms of her supervised release. Her release was revoked and she was sentenced to five months of incarceration with 43 months of supervised release to follow. Ms. Allen's second

term of supervised release began in May of 2016. In February 2019 Ms. Allen was again found in violation of the terms of her supervised release and was sentenced to eight months of incarceration followed by 24 months of supervised release. Ms. Allen began her current term of supervised release in August of 2019. Thus, as of this writing, Ms. Allen has completed 18 months of her term of supervision. She says early termination is justified because she has demonstrated her rehabilitation. Among other things: she has a job; she has maintained sobriety; enrolled in college courses; and completed her community service. Ms. Allen argues that her recent conduct on supervised release demonstrates that "she has been adequately deterred from criminal conduct, there is no longer a need to protect the public from her, and she has been provided the necessary treatment." (*Motion,* Dkt. 77, at 4).

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) deterrence;

      (3) protection of the public;
      (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
      (5) the sentence and sentencing range established for the category of defendant;
      (6) any pertinent policy statement by the Sentencing Commission;
      (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
      (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7); *United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (*citing United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

      Additionally, the Court should respectfully consider the policy conclusions and recommendations of the Judicial Conference regarding early termination of supervision. *See generally Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) ("While the policy conclusions of the Judicial Conference may not be binding on the lower courts, they are at the very least entitled to respectful consideration") (internal quotation marks and citation omitted).

      Having considered the above factors, as well as the policy recommendations of the Judicial Conference, the Court is not inclined to grant this motion. To be

sure, Ms. Allen is performing well on supervision, and she is to be commended for that. Still, though, this is what is expected of defendants on supervision. The probation officers are there to help defendants do precisely what Ms. Allen has done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. The Court does not find that this case is an exception in that regard and will therefore deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant Jacqueline Lee Allen's Motion for Early Termination of Supervised Release (Dkt. 46) is **DENIED.**

DATED: March 1, 2021

B. Lynn Winmill
U.S. District Court Judge